1   Scott P. Jang (State Bar No. 260191)
    Andrew J. Kozlow (State Bar No. 252295)
2   Spencer C. Ladd (State Bar No. 340905)
    JACKSON LEWIS P.C.
3   50 California Street, 9th Floor
    San Francisco, California 94111-4615
4   Telephone:  (415) 394-9400
    Facsimile:  (415) 394-9401
5   E-mail:  Scott.Jang@jacksonlewis.com
    E-mail:  Spencer.Ladd@jacksonlewis.com
6   E-mail:  Andrew.Kozlow@jacksonlewis.com

7   Attorneys for Defendants
    ECCO RETAIL, LLC; ECCO USA, INC.
8   AND ECCO

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11

12  WILLIAM M. AMORT, individually and on        Case No.
    behalf of all others similarly situated,
13
                                                 **DEFENDANTS' NOTICE OF**
14              Plaintiffs,                       **REMOVAL**

15        v.                                      (Filed concurrently with Civil Case Cover
                                                  Sheet, Notice of Interested Parties, Corporate
16  ECCO RETAIL, LLC; ECCO USA, INC.;             Disclosure Statement, Declaration of Cheryl
    ECCO; and DOES 1 through 20, inclusive,       Garrison in Support of Removal, and
17                                                Declaration of Stacy Holtzclaw in Support of
                Defendants.                       Removal)
18

19

20                                               State Complaint Filed: 07/27/2022

21

22        TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR

23  THE NORTHERN DISTRICT OF CALIFORNIA:

24        PLEASE TAKE NOTICE that Defendants ECCO RETAIL, LLC, ECCO USA, INC., and

25  ECCO ("Defendants") invoke this Court's jurisdiction under 28 U.S.C. § 1332 and, pursuant to

26  28 U.S.C. §1441, remove the above-entitled action to this Court from the Superior Court of the

27  State of California in and for the County of San Mateo, Case No. 22-CIV-03050 ("San Mateo

28  Superior Court"). While Defendants adamantly dispute that Plaintiff William M. Amort

                                                 1
    DEFENDANTS' NOTICE OF REMOVAL

("Plaintiff") or any of the individuals whom he seeks to represent in this action are entitled to any recovery, Plaintiff's allegations in the Complaint reveal that he has placed in controversy a case that is within the jurisdiction of this Court.

## PLEADINGS

1.      On July 27, 2022, Plaintiff filed a civil action against Defendants in San Mateo Superior Court, Case No. 22-CIV-03050. The Complaint sets forth nine putative class-wide causes of action: (1) Failure to Pay Minimum Wages; (2) Failure to Pay Overtime Wages; (3) Failure to Provide Meal Periods; (4) Failure to Permit Rest Breaks; and (5) Failure to Reimburse Business Expenses; (6) Failure to Provide Accurate Itemized Wage Statements; (7) Failure to Pay Wages During Employment; (8) Failure to Pay all Wages Due Upon Separation of Employment; and (9) Violation of Business and Professions Code §§ 17200, *et seq*.

2.      Plaintiff served the Summons and Complaint and related court documents in this action via Notice of Acknowledgment on August 17, 2022, and Defendants returned the signed Acknowledgement of Receipt on September 6, 2022. A copy of the Summons, Complaint, other related court documents, and the signed Acknowledgement of Receipt is attached as **Exhibit A.**

## JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

3.      Pursuant to Section 4 of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2) has been amended to provide, in relevant part:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant

4.      In addition, CAFA confers federal court jurisdiction only where the proposed class involves 100 or more members, or where the primary defendants are not States, State officials, or other governmental entities. 28 U.S.C. § 1332(d)(5).

5.      As set forth below, this action satisfies all the requirements for federal jurisdiction under CAFA. This action (1) involves a plaintiff and defendants who are citizens of different states; (2) involves a putative class of 100 or more purported members; (3) involves a

DEFENDANTS' NOTICE OF REMOVAL

controversy that purportedly exceeds the sum or value of $5,000,000; and (4) does not involve a

defendant who is a governmental official or entity

<u>Plaintiffs and Defendants Are Citizens of Different States</u>

6.      CAFA's diversity requirement is satisfied when any member of a class of

plaintiffs is a citizen of a state different from any defendant, when at least one member of a class

is a citizen of a foreign state and one defendant is a U.S. citizen, or when at least one member of

a class of plaintiffs is a U.S. citizen and one defendant is a citizen of a foreign state. 28 U.S.C. §

1332(d)(2).

7.      A natural person's citizenship is determined by his state of "domicile." *Kanter v.

Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is [his] permanent

home, where [he] resides with the intention to remain or to which [he] intends to return." *Id.*

(citation omitted).

8.      For diversity purposes, a corporation is a citizen of any state where it is

incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. §

1332(c); *Hertz Corp v. Friend,* 559 U.S. 77, 92-93 (2010).

9.      For diversity purposes, a limited liability company is deemed to be a citizen of

any state in which any member of the company is a citizen.  *See Johnson v. Columbia Props.

Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

10.     Diversity of citizenship is determined "as of the time the complaint is filed and

removal is effected." *Strotek Corp. v. Air Transp. Ass'n of America,* 300 F.3d 1129, 1131 (9th

Cir. 2002) (citations omitted).

11.     Here, Plaintiff alleges that he is a citizen of the State of California: Plaintiff

alleges he resides in California. (Compl. ¶ 10).

12.     Defendant ECCO USA, INC., ("Defendant ECCO USA") is incorporated in the

State of New Hampshire and has its principal place of business in the State of New Hampshire.

(Declaration of Cheryl Garrison in Support of Defendants' Notice of Removal ("Garrison

Decl.") ¶ 9.)

///

DEFENDANTS' NOTICE OF REMOVAL

13.     Defendant ECCO RETAIL, LLC ("Defendant ECCO Retail"), is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business in the State of New Hampshire. Its sole member is Defendant ECCO USA, which as indicated above is incorporated in the State of New Hampshire and has a principal place of business in the State of New Hampshire. (Garrison Decl. ¶¶ 8-9.)

14.     As for Defendant "ECCO," there is no such entity and as such cannot be considered as a part of this analysis. (Garrison Decl. ¶ 10.)

15.     Based on the above, the diversity requirement of CAFA removal is satisfied since Plaintiff is a citizen of the State of California, whereas Defendants are citizens of a different state.

<u>The Putative Class Consists of More Than 100 Members</u>

16.     Under the Eighth Cause of Action, Plaintiff seeks waiting time penalties on behalf of Defendants' employees who worked in California as a non-exempt employee and had their employment terminated between January 23, 2019, and the date of class certification. (Compl. ¶ 21.)

17.     Based on a review of Defendant ECCO Retail's payroll records, at least 100 of its employees worked as non-exempt employees in California and had their employment terminated during the time period of January 23, 2019 to July 27, 2022 ("Relevant Period") (Declaration of Stacy Holtzclaw in Support of Defendants' Notice of Removal ("Holtzclaw Decl.") ¶ 9.)

18.     Therefore, without even considering the putative class size of the larger subclasses that cover longer durations, this claim satisfies CAFA's numerosity requirement.

<u>The Purported Amount in Controversy Exceeds $5,000,000</u>

19.     CAFA authorizes the removal of class actions in which the amount in controversy exceeds $5,000,000. 28 U.S.C. §1332(d).

20.     In *Dart Cherokee Basin Operating Company, LLC v. Owens,* 135 S. Ct. 547 (2014), the United States Supreme Court held that, where the complaint is silent as to whether the amount in controversy meets CAFA's jurisdictional threshold of $5,000,000, "a defendant's notice of removal need include only a *plausible* allegation that the amount in controversy

exceeds the jurisdictional threshold." *Id.* at 554 (emphasis added). For the following reasons, the Complaint places an amount in controversy exceeding $5,000,000.

21.     Although the Complaint is silent as to the amount in controversy, the amount in controversy exceeds $5,000,000 based on the Second Cause of Action for alleged unpaid overtime, the Third Cause of Action for alleged noncompliant meal periods, the Fourth Cause of Action for alleged noncompliant rest breaks, the Sixth Cause of Action for alleged failure to provide accurate wage statements, the Eighth Cause of Action for alleged failure to pay compensation due upon discharge, and Plaintiff's prayer for attorneys' fees:

    a.  Under the Second Cause of Action, Plaintiff seeks alleged unpaid overtime wages on behalf of Defendants' current and former employees who worked in California as a non-exempt employee during the period of January 23, 2018 and the date of class certification. (*See* Compl. ¶¶ 20, 44-55.)

    b.  Plaintiff alleges that these putative class members were "required . . . to work in excess of eight (8) hours in a day, forty (40) hours in a week, and/or on a seventh consecutive day of work, entitling them to overtime wages." (Compl. ¶ 51.)

    c.  Based on a review of Defendant ECCO Retail's payroll records, Defendant ECCO Retail's non-exempt employees in California (a) worked at least 31,406 workweeks during the period of July 27, 2018 through July 27, 2022; and (b) had an average regular rate of pay of at least $15.44 per hour during that time period. (Holtzclaw Decl.¶ 12.)

    d.  Therefore, assuming that each putative class member worked two hours of alleged unpaid overtime per workweek, the amount in controversy from this claim equals at least **$1,454,725.92** ($15.44 x 1.5 overtime rate x 2 overtime hours per week x 31,406 pay periods.)

    e.  Under the Third Cause of Action, Plaintiff seeks damages for alleged missed and/or noncompliant meal periods. (Compl. ¶¶ 56-64.) Pursuant to California Labor Code § 226.7, 512 and IWC Order No. 1-2001, § 11, an employee that

works five or more hours in a shift is entitled to one unpaid thirty-minute lunch period. An employer that fails to provide a compliant meal period is liable to the aggrieved employee for one hour of pay at the employee's regular rate.

    f.   During the period of July 27, 2018 through July 27, 2022, ECCO Retail employees worked approximately 31,406 workweeks. (Holtzclaw Decl. ¶ 12.) Therefore, assuming two noncompliant meal periods per workweek results in an amount in controversy of **$969,817.28** (31,406 workweeks x 2 meal periods per workweek x $15.44).

    g.   Under the Fourth Cause of Action, Plaintiff seeks damages for alleged missed and/or noncompliant rest breaks. (Compl. ¶¶ 65-71.)  During the period of July 27, 2018 through July 27, 2022, ECCO Retail employees worked approximately 31,406 workweeks. (Holtzclaw Decl. ¶ 12.) Therefore, assuming two noncompliant rest breaks per workweek results in an amount in controversy of **$969,817.28** (31,406 workweeks x 2 rest breaks per workweek x $15.44).

    h.   Under the Sixth Cause of Action, Plaintiff seeks statutory penalties for the alleged failure to provide accurate and itemized wage statements. (Compl. ¶¶ 82-84.) An employer that fails to furnish accurate wage statements is liable for the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) per employee. There were approximately 8,070 pay periods during the year prior to the filing of the Complaint to July 27, 2022. (Holtzclaw Decl. ¶ 14.) Therefore, the amount in controversy for this claim is approximately **$807,000** ($100 x 8,070).

///

///

DEFENDANTS' NOTICE OF REMOVAL

i.   Under the Eighth Cause of Action, Plaintiff seeks alleged waiting time penalties on behalf of Defendants' employees who worked as a non-exempt employee and had their employment terminated during the relevant time period. (Compl. ¶¶ 93-96.)

j.   Based on a review of Defendant ECCO Retail's payroll records, there were approximately 394 non-exempt employees in California that (a) were terminated during the time period of July 27, 2019, until July 27, 2022; and (b) had an average annual base salary of at least $15.44 during that time period. (Holtzclaw Decl. ¶ 13.) Therefore, the potential waiting time penalties arising out of the claims for these putative class members equals **$1,400,006.40** ($15.44 per hour x 8 hours per day x 30 days x 394 putative class members). *See* Labor Code § 203 (imposing a statutory penalty equal to employee's daily rate of pay for each day the wages are improperly withheld, up to 30 days).

k.   Courts in the Northern District of California treat a 25% attorneys' fee award as reasonable in wage and hour putative class actions for determining amounts in controversy for CAFA removal purposes. *Anderson v. Starbucks Corp.,* No. 3:20-cv-01178-JD, 2020 U.S. Dist. LEXIS 245356, at *14 (N.D. Cal. Dec. 31, 2020).

l.   The sums above equal an amount in controversy of at least **$7,001,708.60** ([$1,454,725.92 + $969,817.28 + $969,817.28 + $807,000 + $1,400,006.40] x 1.25).

22.   Notably, the above calculations reach the jurisdictional threshold under CAFA even without including Plaintiff's other claims. Including Plaintiff's other claims for alleged failure to afford compliant meal periods, failure to provide compliant rest periods, failure to reimburse business expenses, and unfair business practices only further establish that this Court has jurisdiction over this putative class action under CAFA.

///

23.    For all these reasons, this action satisfies the amount in controversy requirement under CAFA.

<u>Defendants Are Not a Governmental Official or Entity.</u>

24.  Defendants are not a state, a state official, or any other governmental entity.

**<u>VENUE</u>**

25.    Venue properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1441(a). Section 1441(a) provides, in relevant part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

26.    As indicated above, Plaintiffs brought this action in San Mateo Superior Court. The United States District Court for the Northern District of California encompasses this territory. 28 U.S.C. § 84(a).

**<u>TIMELINESS OF REMOVAL</u>**

27.    This Notice of Removal is timely because this Notice of Removal is filed within thirty days after Defendants were served with papers from which it could first be ascertained that the case was removable. 28 U.S.C. § 1446(b).

**<u>NOTICE TO PLAINTIFFS AND STATE COURT</u>**

28.    In accordance with 28 U.S.C. § 1446(d), Defendants' counsel certifies that a copy of this Notice of Removal and all supporting papers will be served on Plaintiff's counsel and filed with the Clerk of the San Mateo Superior Court. As such, all procedural requirements under § 1446 are satisfied.

**<u>CONSENT</u>**

29.    All defendants consent to the removal of this action.

///

///

///

DEFENDANTS' NOTICE OF REMOVAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CONCLUSION</u>

30.    For the reasons set forth above, Defendants maintain that this action is properly removed to this Court.


Dated:  October 6, 2022                    JACKSON LEWIS P.C.


                                    By:   _/s/Scott P. Jang_
                                          Scott P. Jang
                                          Andrew J. Kozlow
                                          Spencer C. Ladd
                                          Attorneys for Defendants
                                          ECCO RETAIL, LLC, ECCO USA, INC.
                                          AND ECCO

4882-0298-1175, v. 1

DEFENDANTS' NOTICE OF REMOVAL